JAMES P. WILLIAMS, Administator, etc. v. JOHN WEBB, JR., Assignee, etc., ET AL.

(No. 8,736.)

1. The death of the owner of property, before a lien has been taken, does not interfere with the rights of, or prevent the necessary steps, to secure a lien by the person performing labor or furnishing materials.

2. The oath to the account of items of material, etc., may be made by an agent of the party entitled to the lien.

3. It is not competent for the party in possession, for whom the labor is performed, or materials furnished, to say that he has no real or beneficial interest in the land upon which the work is done.

GENERAL TERM.—Proceeding in error to reverse a decree

J. P. Williams, Administrator, etc. *v.* J. Webb, Jr., Assignee, etc., et al.

of the special term, rendered in favor of the several defendants in error.

John Webb, Jr., as assignee of James Todd, brings his action against James P. Williams, administrator of the estate of Frank S. McClure, deceased, and sundry lien holders, to enforce a mechanic's lien. The facts are these : On September 12, A. D. 1853, Nicholas Longworth leases to Warren Beman, a lot of land in the city of Cincinnati, situated on the north side of Front street, between Harriet and Horne streets, for a term of fourteen years, with a privilege of purchase, Beman agreeing to erect a building thereon, within six months, of the value of a thousand dollars.

Whereupon, Beman employed Runyan & Stickney to erect a building thereon, for mill purposes. The builders took a mechanic's lien on the premises, and caused the same to be sold at sheriff's sale. At this sale McClure was the purchaser, and Longworth promising to make some fair arrangement about rent, he went into possession and proceeded to complete the mill, erecting machinery, etc.. McClure died on December 4, A. D. 1857, before all the improvements were completed, and before the sheriff's sale had been confirmed by the court. The plaintiff in error was appointed and qualified as administrator of McClure's estate, and finding that Mr. Longworth had a lien on the leasehold and improvements for back rents, to the amount of two thousand dollars, he declined to consummate the sheriff's sale. The several mechanics employed in erecting the mill and furnishing machinery, took their mechanic's liens. Todd had become embarrassed and made an assignment to Webb, and Webb, in his own name, as assignee, made the customary affidavit to obtain a mechanic's lien for a steam engine that had been furnished by Todd for the mill, and caused the same to be filed for record on December 9th, A. D. 1857. Subsequently the several lien holders made an agreement with the administrator of McClure, that he might " sell the interest of McClure in the building, leasehold, and in all

J. P. Williams, Administrator, etc. *v.* J. Webb, Jr., Assignee, etc., et al.

the property connected therewith, free from whatever lien they might have, but with the understanding that they were to have the same rights in and to the proceeds of the property that they had in the property itself, by virtue of their liens or supposed liens."

Thereupon, the administrator of McClure's estate, on January 7, A. D. 1858, sold to Baldwin & Whateley the mill, machinery, and fixtures, for two thousand three hundred and five dollars, and other property of the estate, consisting of lumber and loose timber for the further sum of three thousand seven hundred and ninety-seven dollars. The purchasers arranged with Longworth for a reduction of rents, proposed to accept McClure's bid, under the proceedings of sale in the suit of *Runyan & Stickney* v. *Beman*, paid the purchase money to the sheriff, and, thereupon, the sheriff's sale was confirmed and a deed of the premises made to Baldwin & Whateley, by order of the court.

Thereupon, the suit is brought at special term, against Williams, as administrator, by Webb, as assignee of Todd, to subject the proceeds of sale in the hands of the administrator, to the satisfaction of the several mechanic's liens, and to this suit all the mechanic lien holders were made parties, and the court rendered a decree in their favor, to which Williams, administrator of McClure, took exception.

*Lincoln, Smith & Warnock*, for plaintiff in error.

*Snow & Bradstreet, Stallo & McCook, J. G. Douglas, I. J. Miller, T. J. Henderson & J. H. Clemmer*, for defendants in error.

GHOLSON, J., delivered the opinion of the court.

A petition in error filed in this case presents for the consideration of the court certain questions as to the proper construction of the " Act to create a lien in favor of mechanics and others in certain cases."

J. P. Williams, Administrator, etc. *v.* J. Webb, Jr., Assignee, etc., et al.

One question is whether the death of the owner before a lien has been taken, under the first and seventh sections of the act, or the enactment amendatory of the 7th section, interferes with the right which the person performing labor or furnishing materials would otherwise have. The case is not under the 9th section, which provides for unfinished work, but a case where the time of the work being done, and the materials furnished, was during the life of the owner; but the time for taking a lien had not expired, nor had the required steps been taken during the life of the owner. Does his death prevent those steps being taken?

It appears to us that both upon principles of justice, and upon the fair construction of the statute, it does not. The lien is expressly given by the first section. The steps required are in the nature of conditions subsequent. In none of those steps is the personal act or participation of the owner required. If the terms of those conditions have been strictly complied with, we would be really adding something to the law, to say that a condition, that the owner should survive the taking the proper steps to secure the lien, is required.

Another question is, whether the oath to the account, in writing off the items of labor, skill, material or machinery furnished, required by the 7th section, can be made by an agent, or only by the person entitled to the lien. It is claimed that, according to the language of the statute, the personal oath of the party performing the labor or furnishing the materials is required, and that of no other person will suffice. We are admonished that such statutes as this should be strictly construed.

While we might be disposed to accede to the general proposition, that such statutes should not be extended beyond what their terms clearly import, yet this does not require us to stick to the letter. Taking the term, " any person entitled to a lien under this act," it certainly extends to a case where two or more persons are jointly interested —to the case of a corporation formed for manufacturing

28

purposes. If this be so, then the oath of the person who actually and personally performed labor, or furnished materials, is not, and can not be required. The oath, it will be observed, is in no respect binding or conclusive upon any one: it is only intended to prevent vexatious and unfounded liens being entered upon the records; and looking to this object, we see no reason to doubt, that the oath of an agent acting in the business, and, therefore, acquainted with the facts, is sufficient. Any other conclusion would be attended with extreme inconvenience, and we think that the general maxim *qui facit per alium facit per se* may be safely applied in the construction of this statute.

It is further claimed, by the administrator of the party, for whom the labor was performed and the materials furnished, that he had no real and beneficial interest in the lot of land upon which the building stood. It appears that he was in possession; that he had made some arrangement by which he was or might become entitled to a lease from the owner of the fee. Under these circumstances we think that it is not competent for such a party or his representative, as against those whose labor or materials he has procured, to deny that he has an interest. They have the right to be placed in such a situation as will enable them to assert any possible interest. To such a course the party or his representative can properly interpose no objection.

There are no other objections which we are required to notice, and the judgment will be affirmed.

Judgment affirmed.